STATE, PLAINTIFF-APPELLEE, *v.* HERMAN, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Lake County.

No. 640. Decided January 24, 1961.

*Mr. Edward R. Ostrander*, prosecuting attorney, and *Mr. John F. Clair, Jr.*, assistant prosecuting attorney, for plaintiff-appellee.

*Mr. Oliver R. Marshall* and *Mr. Wayne R. Milburn*, for defendant-appellant.

GRIFFITH, P. J.   The appellant is seeking a new trial in this case for ten reasons set forth in his assignments of error, some of which were combined in his brief, and this court upon consideration of all of the errors assigned finds that the only ones worthy of comment were:—

First, the question of admission or rejection of testimony.

The trial court in this case has broad discretion in the admission and exclusion of evidence, and unless he has clearly abused his discretion and the defendant has been prejudiced thereby this court should be slow to interfere with the operation of the court during the trial of this important case.

A careful reading of the bill of exceptions satisfies us that

the trial court did not commit reversible error in its admission or in its exclusion of evidence touching on the question of the guilt or innocence of the accused. The verdict was within the bounds of the testimony given, and there appears sufficient evidence warranting a jury in finding as it did.

Section 2945.83, Revised Code, among other things, provides that no judgment of conviction shall be "reversed in any court because of the admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby."

Another error assigned in this case is that the state called the wife of the defendant to testify against her husband, Jack Herman. The fact is that she never did testify because the defendant objected to her because of the fact that she was the wife of the accused.

In his argument to the jury the prosecuting attorney commented on the fact that Mrs. Herman was not called by the defendant as a witness. The defendant had a right to call Mrs. Herman and to permit her to testify to any transactions that had taken place in the business establishment of the accused, and the fact that the defendant failed to call her is a proper subject of comment by the state, it being on the same plane as though the accused himself had not taken the stand, and the defendant was in no wise prejudiced either by the attempt of the state to call her nor by the comments of the state respecting the defendant's failure to call her.

Another error assigned is that of newly discovered evidence, and that is largely embraced within the affidavit of Mr. Gordon C. Hodgins, representing the firm of Ernst and Ernst, Public Accountants. There is nothing in this proffered testimony that would warrant the reversal of this case on this basis. This evidence is offered in the form of an affidavit only, and the substance of the affidavit is not sufficient for a reviewing court to disturb the lower court's decision.

The other, and only, remaining error assigned is that of the charge of the court, especially directing his complaint to the matter of the charge respecting aiding and abetting. A careful reading of this charge as a whole compels this court to

classify this charge as an exceedingly clear, concise and understandable statement of the law applicable to the facts.

At the conclusion of the charge the court invited comments. Thereupon the state and the accused stated that they had nothing further to request, and the jury then was directed to retire for deliberations.

The errors, or defects, in the proceedings in this case were not such errors as would warrant a reversal, and accordingly under the provisions of Section 2945.83, Revised Code, Subsection (E), which reads: "nor shall any judgment of conviction be reversed in any court * * * unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial," the judgment of the Common Pleas Court of Lake County must be and hereby is affirmed.

Judgment affirmed.

Donahue and Brown, JJ., concur.